**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-10-1257-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Marco Antonio Venegas-Reynoso, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for New Trial (Doc. 71). For the reasons stated below that motion is denied.

**BACKGROUND**

On May 6, 2011, Defendant was found guilty by a jury of importation of cocaine and of possession with intent to distribute. At least one of the central themes, if not the central theme, of Defendant's case at trial was that he did not know that the spare tire under his truck had been filled with 15 packages of cocaine.

The government introduced circumstantial evidence suggesting that Defendant had knowledge that he was transporting cocaine. Trial testimony established that:

(1) Defendant, or at least his vehicle, frequently, although irregularly, crossed the border.

(2) The Customs and Border Protection officer at the border referred Defendant to secondary inspection because Defendant did not maintain eye contact with him, and was

breathing heavily in response to questions.

(3) A search of Defendant's car revealed that he had four cell phones in his vehicle.

(4) Testimony further indicated that multiple cell phones were typically used by drug couriers to make contacts on both sides of the border.

(5) A subsequent search showed that Defendant had $1500 hidden within the interior of the back of his passenger seat.

(6) A door had been placed sticking out of the back of the pickup which prohibited easy access to the back rear of the vehicle for inspection purposes.

(7) The tire itself had been reversed and wedged up underneath the vehicle in a way to make its removal difficult.

(8) The street value of the cocaine placed in the tire was on the order of a million dollars.

Further, Agent Henry Johnson testified that based upon his training and experience it is not typical that an unknown courier would be used to transport more than a million dollars in cocaine. He said that he was unaware of any such incident in his experience as a law enforcement officer.

Approximately two months after his conviction, on July 1, 2011, the United States Attorney's office in El Paso, Texas filed a complaint in *United States v. Jesus Chavez*, Case No. 11-3330G alleging that a drug-trafficking organization made systematic use of blind mules to import marijuana into the United States. Defendant became aware of this complaint twelve days later and subsequently filed this Motion For New Trial, based on the affidavit accompanying the information.

## ANALYSIS

Pursuant to the Federal Rules of Criminal Procedure Rule 33 the Court may grant a motion for new trial "if the interest of justice so requires." For justice so to require, based on newly discovered evidence, a defendant must satisfy each part of a five part test.

> (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be

material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.

*United States v. Harrington,* 410 F.3d 598, 601 (9th Cir. 2005) citing *United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir. 1991).

The United States concedes for purposes of this motion the existence of the first two elements of the five-part test – that the evidence at issue is newly discovered and that the failure to discover it earlier was not the result of Defendant's lack of diligence.

The United States argues that the evidence is not material, and that, even assuming the evidence is not cumulative, it would be mere impeachment evidence – that is designed to impeach the opinion testimony of Agent Johnson. Such evidence, generally, is insufficient to merit a new trial. *Id*. at 548.

The Defendant cites *United States v. Davis,* 960 F.2d 820 (9th Cir. 1992) for the proposition that even if evidence is merely for impeachment, it can, in rare cases, be important enough to merit a new trial. According to the *Davis* Court in cases in which the impeachment evidence is (1) "so powerful that, if it were believed by the trier of fact, it could render the witness' testimony totally incredible," and (2) that "witness' testimony [was] uncorroborated and provided the only evidence of an essential element of the government case," evidence impeaching such a witness's testimony amounts to more than mere impeachment and may be sufficient to merit a new trial. *Id.* at 825.

However, such conditions were not satisfied in *Davis* and they are not satisfied here. Agent Johnson's opinion testimony was not the only evidence that supports the jury's determination that Defendant knew he was transporting cocaine. As has been stated, the jury heard testimony that:

(1) the Customs and Border Protection officer at the border referred the Defendant to secondary inspection because the Defendant did not maintain eye contact with him, and was breathing heavily in response to questions.

(2) A search of Defendant's car revealed that he had four cell phones in his vehicle.

(3) There was testimony that multiple cell phones were typically used by drug traffickers to make contacts on both sides of the border.

(4) a subsequent search showed that Defendant had $1500 hidden within the interior of the back of his passenger seat. Testimony indicated that such an amount was frequently paid drug couriers for transporting drug shipments across the border.

(5) A door had been placed sticking out of the back of the pickup which Defendant was driving prohibiting easy access to the back rear of the vehicle for inspection purposes.

(6) The tire itself had been reversed and wedged up underneath the vehicle in a way to make its removal difficult.

(7) The street value of the cocaine placed in the tire was on the order of a million dollars.

In addition to, or completely separate from Johnson's opinion testimony, the jury could have relied on any or all of this evidence to determine that Defendant was aware that he was trafficking cocaine.

Further, Johnson merely opined that it was not typical for a drug courier to be unaware that he was transporting cocaine. Agent Johnson did not testify that it never happened or never could happen that an unknowing person could be used to transport drugs. Thus, any information that could be gleaned from *Jesus Chavez* would only impeach Agent Johnson's opinion testimony and is not of the kind identified in *Davis* that amounts to more than mere impeachment testimony.

Further, testimony that was introduced in this case demonstrates that the facts in this case are distinct from the scenario apparently at issue in *Jesus Chavez*. Unlike the scenario in which the government charges that unknowing couriers were used in *Chavez*, there was no trafficking device located on Defendant's car when Defendant's vehicle was searched as was the case with the couriers in *Chavez*. Further, while Defendant did have a history of crossing the border, unlike the couriers in *Chavez,* he had no regularly established schedule by which he predictably crossed the border. Further, it does not appear that the street value of the marijuana transported in *Chavez* approaches the street value of the cocaine transported

here. Thus, the Court finds that the new evidence is not sufficient to conclude that "a new trial would probably result in acquittal." *United States v. Harrington,* 410 F.3d 598, 601 (9th Cir. 2005) citing *United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir. 1991).  Accordingly,

**IT IS ORDERED** that Defendant's Motion for a New Trial (Doc.71) is denied.

DATED this 27th day of September, 2011.

G. Murray Snow
United States District Judge